JOHN RICCOBONO, Plaintiff, v. PATRICK J. CLEARY, Defendant.

(City Court of the City of New York, Special Term, January, 1921.)

Pleading — when motion to strike out defense denied — use and occupation — statutes — tender — deposit — tenant out of possession — Laws of 1920, chap. 944, § 6.

In an action for use and occupation the complaint alleged that prior to the commencement of the action defendants vacated the premises, and the answer, after denials of the allegations of the reasonable value of the use and occupation, pleaded as a separate defense that the occupation of the premises was under a special agreement fixing at a sum stated the rent to be paid, conceded that a certain sum was due under said agreement, and pleaded a tender thereof to plaintiff. A motion to strike out said defense was made on the ground that under the statute (Laws of 1920, chap. 944, § 6) it was improperly pleaded unless at the time of answering defendants deposited with the clerk of the court a sum equal to the amount paid as rent during the preceding month or such sum as was reserved as rent under the agreement under which possession was obtained. *Held,* that the defense raised no issue under the statute as to the reasonableness of the amount demanded in the complaint, and the motion will be denied though it was conceded that the deposit called for by the statute was not made.

It was not the legislative intent that the requirement for a deposit should be applicable except in cases where the tenant is in possession of the premises involved, at the time of the

institution of the suit, and a motion to strike out the denials, on the same ground that the motion to strike out the separate defense was made, will be denied.

MOTION to strike out certain denials and a separate defense set up in defendant's answer.

G. Arnold Moses, for motion.

Joseph V. McKee (Charles Eno, of counsel), opposed.

CALLAHAN, J.   This is a motion made by plaintiff to strike out certain denials and a separate defense set up in the defendant's answer.   Plaintiff sues for the alleged reasonable value of the use and occupation by defendant of a certain house in the city of New York. It appears from the complaint that prior to the institution of this action defendant herein vacated said premises.   The answer of the defendant contains denials of the allegations of the reasonable value of the use and occupation of the premises and sets up as a separate defense that the premises were occupied under a special agreement fixing at a sum stated the rent to be paid therefor.   It concedes that under said agreement a certain sum is due and pleads that the defendant has tendered such sum to the plaintiff. The present motion to strike out the denials of reasonable value and the whole of the separate defense pleading the special agreement and tender is based upon the contention that under the provisions of section 6 of chapter 944 of the Laws of 1920 such denials and such defense are improperly pleaded unless at the time of answering the defendant deposit with the clerk of the court a sum equal to the amount paid as rent during the preceding month or such sum as was reserved as rent under the agreement under which possession was

obtained. It is conceded that no such deposit was made here. The contention of the plaintiff clearly has no force with respect to the separate defense. The statute refers to denials or defenses which raise the issue of the reasonableness of the amount demanded in the complaint. The separate defense referred to raises no such issue. It sets forth that the occupation of the defendant was under a special agreement, and such agreement is properly pleaded as a bar to the action in assumpsit for rental value. The motion with respect to the denials raises a more difficult question. Upon a casual reading the statute may appear to require a deposit in every action in which a defendant raises the issue of the reasonableness of a sum claimed as rental value. A careful examination of the whole statute, however, compels me to hold that it was not intended by the legislature that the requirement for a deposit should be applicable except in cases where the defendant (tenant) is in possession of the premises involved at the time of the institution of the suit. A reading of the last sentence of section 6 of the act in question shows the intent contended for. That sentence says if judgment in the action is rendered for plaintiff and it cannot be fully satisfied from the sum deposited the plaintiff shall be entitled to a warrant dispossessing all persons from the premises in question. Consideration of the circumstances under which this legislation was adopted, the report of the committee that recommended it and a reading of the statute itself show that the intent of the legislature was to have the requirement for deposit apply only in those cases in which the tenant's continued possession of the premises without paying the landlord some rent would be unfair to the landlord. It was clearly not intended to be a statute limiting the right of a former tenant to litigate the question of the reasonableness

of the rent demanded when the litigation of such question in no way affected the emergency which the legislature was seeking to cope with in passing the statute involved. The motion is denied.

Motion denied.